■White, J.
Two grounds of error are relied on in this case:
1. That the stipulation in the mortgage requiring the property of the makers of the note to be exhausted before resorting to the mortgage, had not been complied with.
2. That the court ought to have required the plaintiffs to account for the goods lost by the setting aside of the first execution.
Neither of these positions is well taken.
1. In the absence of a stipulation to the effect of the one in question, the plaintiffs, without taking judgment on the note, could have resorted directly to the mortgage for payment. The effect of giving the mortgage without such stipulation, therefore, would have been to subject the mortgagor to the additional risk of his being required, in the-first instaneé, to pay the whole debt; and, thus, to deprive-him of the benefits resulting from a judgment and execution against all the makers of the note.
The object of the stipulation in the mortgage was to protect the mortgagor from the consequences of othis risk.
As a general rule, the property of a debtor is regarded as exhausted when-he has nothing that can be reached by execution. In this sense, we think, the terms were used by the parties in the present instance.
It appears that judgment was taken on the note against *119 the makers, and that they had no property subject to execution. This was a compliance with the stipulation in question. The plaintiff's, therefore, were under no obligation to bring suit to exhaust the equities of the judgment debtors before resorting to the mortgage.
2. The loss of the goods resulting from the setting aside of the first execution, is not chargeable to the plaintiffs. The execution was set aside and recalled, and the judgment modified, by order of the court, on the application of one of the j udgment debtors. There was no fraud or collusion on the part of the judgment creditors in procuring the discharge of the levy, nor did they consent thereto. This case, therefore, does not belong to the class of case's referred to in argument, where a levy has been released or lost by the act of the creditor to the detriment of a surety:
It is claimed that the levy was preserved under section 538 of the code, which provides, that, “ when a judgment is modified, all liens and securities obtained under it shall be preserved to the modified judgment.”
This section only applies to judgments modified at a term subsequent to that at which they were rendered. In the present case, the judgment and the modification, and the setting aside of the execution, were at the same term. But if the section were applicable, it would not preserve the lien acquired by a levy, after the execution under which it was made, had been unconditionally set aside.

Leave refused.

Day, C. J., McIlvaine, Welch, and Stone, JJ., concurring.